NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAFAL FILIPCZYK,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5009

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-045, Judge Thomas C. Wheeler.

---

Decided:  June 22, 2010

---

RAFAL FILIPCZYK, of Diamondhead, Mississippi, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director.  Of counsel was ROBERT E.

YOUNG, Navy General Counsel Office, United States Department of the Navy, of Stennis Space Center Mississippi.

_____

Before RADER, *Chief Judge*, LINN and PROST, *Circuit Judges*.

PER CURIAM.

Rafal Filipczyk appeals the United States Court of Federal Claims' the dismissal of his request for lodging expense reimbursement due to lack of jurisdiction, and in the alternative, summary judgment in favor of the Government action denying his request. Because we agree that Mr. Filipczyk is not entitled to the requested reimbursement as a matter of law, we *affirm* the summary judgment of the Court of Federal Claims.

BACKGROUND

Mr. Filipczyk is a civilian employee of the Naval Oceanographic Office ("NAVOCEANO"). He is regularly assigned temporary duty aboard naval ships traveling across open waters and docked in foreign ports. Certain terms of Mr. Filipczyk's employment conditions are governed by a Collective Bargaining Agreement ("CBA") between his employer, NAVOCEANO, and his labor union, American Federation of Government Employees Local 1028. One such term is that NAVOCEANO does not reimburse employees for lodging costs incurred during the first forty-eight hours in port.

While a ship is in open waters, employees on board are lodged in shipboard quarters. When the ship is docked in port, the employees are free to leave the ship during their off-duty hours. At night, the employees have

the option of sleeping in their shipboard quarters, or staying at a hotel in town. Shipboard quarters are provided to employees free of charge at all times. Per the CBA, NAVOCEANO will reimburse employees for hotel costs incurred after the first forty-eight consecutive hours in port. Thus, if an employee wishes to stay at a hotel the first night or two in port, the CBA requires that he do so at his own expense.

In September of 2007, Mr. Filipczyk was serving on board a ship that docked at Naha, Japan, for three days. Mr. Filipczyk rented a hotel for three nights, September 25-28, one of which nights was during the first forty-eight hours in port. The following month, Mr. Filipczyk's ship docked at Saesbo, Japan, and Mr. Filipczyk rented Government quarters on shore for two nights during the first forty-eight hours in port. Mr. Filipczyk submitted documentation for all of his incurred lodging expenses when he returned to his permanent station at Stennis Space Center in Mississippi. NAVOCEANO refused to reimburse Mr. Filipczyk for the lodging expenses incurred during his first night in Naha and his first two nights in Saesbo. The amount of the non-reimbursed expenses totaled $175.17.

Mr. Filipczyk appealed the denial of his reimbursement request to the Civilian Board of Contract Appeals ("CBCA"), alleging violations of the Travel Expense Act 5 U.S.C. §§ 5702(a)(1), (a)(2); 41 C.F.R. § 301-11.3., the Defense Housing Management Manual, 5 U.S.C. § 5911(e), and the Federal Service Labor-Management Relations Act ("FSLMRA") 5 U.S.C. §§ 7101-35. The CBCA dismissed the claim for lack of subject matter jurisdiction, because the claim pertained to a provision of the CBA. The CBA sets forth exclusive administrative

procedures for resolving grievances, and appeal to the CBCA is not one of those procedures.

In September of 2008, Mr. Filipczyk filed a compliant in the Court of Federal Claims seeking vacatur of the CBCA's dismissal of his appeal. The Court of Federal Claims dismissed Mr. Filipczyk's complaint for lack of subject matter jurisdiction because the claim did not seek monetary relief as required under the Tucker Act. *See* 28 U.S.C. § 1491 (a)(1). The Court of Federal Claims also noted in its opinion that it did not have jurisdiction to review decisions of the CBCA.

In January of 2009, Mr. Filipczyk filed a second complaint in the Court of Federal Claims seeking money damages in the amount of $175.17, pursuant to the Travel Expense Act, 5 U.S.C. §§ 5702(a)(1) and (a)(2). He also included the allegations previously brought to the CBCA that the travel provision of the CBA violated various federal statutes and regulations.

The Court of Federal Claims found that it did not have jurisdiction to hear Mr. Filipczyk's complaint that the CBA violated the FSLMRA, § 5911(e), or the Defense Housing Management Manual, because none of those sources of law confer a substantive right to money damages against the United States. The Court of Federal Claims held that the Federal Labor Relations Authority ("FLRA") has exclusive jurisdiction to hear claims related to the FSLMRA, providing an additional reason why the Court of Federal Claims has no jurisdiction to hear that claim.

Mr. Filipczyk moved for reconsideration, arguing that the money-mandating Travel Expense Act provides a jurisdictional hook for his non-money-mandating

FSLMRA, § 5911(e), and Housing Manual claims. He reasoned that evaluating the legality of the CBA is inseparable from and necessary for determining whether he is entitled to money damages under the Travel Expense Act. *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

The Court of Federal Claims denied the motion, and held that Tucker Act jurisdiction requires each claim presented to arise independently from a money-mandating statute. In the alternative, the Court of Federal Claims found that if it possessed jurisdiction over the § 5911(e) claim, then the Government was entitled to summary judgment that the CBA did not violate the cited provision under Court of Federal Claims precedent. Finally, the Court of Federal Claims found that the Government was entitled to summary judgment that the CBA travel provision did not violate the Travel Expense Act. The Court of Federal Claims found that federal agencies have wide discretion in setting per diem allowances. The cited statute and regulation provide for per diem allowances, but do not specify any minimum amount or whether any restrictions may apply.

Mr. Filipczyk timely appealed to this court. This court has jurisdiction over appeals from the Court of Federal Claims under 28 U.S.C. 1295(a)(3). On appeal, Mr. Filipczyk contends that the Court of Federal Claims erred in dismissing his claims under the FSLMRA and Defense Housing Manual, and erred in granting summary judgment as to his claims under the FSLMRA and Travel Expense Act. We address each claim below.

DISCUSSION

Both parties acknowledge that there were no issues of fact in dispute before the Court of Federal Claims, and that every one of Mr. Filipczyk's claims is properly resolved as a matter of law. The dispute on appeal is only whether the various legal questions presented were properly decided. We review the Court of Federal Claims' legal conclusions, determinations of jurisdiction, and award of summary judgment without deference. *Pennington Seed, Inc., v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006); *Seuss v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008); *City of Tacoma v. Richardson*, 163 F.3d 1337, 1339 (Fed. Cir. 1998).

Jurisdictional Dispute

The Court of Federal Claims does not have jurisdiction to prospectively enjoin the enforcement of contracts. Such relief must be obtained from a tribunal with subject matter jurisdiction over the legal challenge to the contract. The tribunal with subject matter jurisdiction over the CBA here is the FLRA. The FLRA was created by Congress for the purpose of enforcing collective bargaining agreements and adjudicating the negotiability of bargaining terms. It has exclusive jurisdiction to declare certain provisions of such agreements invalid or unenforceable. If an aggrieved party is unsatisfied with the disposition of his claim before the FLRA, he may seek judicial review of the case in a federal appellate court. 5 U.S.C. § 7123(b).

The Government responds to most of Mr. Filipczyk's claims by arguing that the Court of Federal Claims does not have jurisdiction to decide the negotiability of terms under a CBA, whether a CBA violates Department of

Defense housing guidelines, or whether the CBA violates a statutory prohibition against compelling federal employees to rent government quarters. These statutes are not money-mandating, and the Tucker Act itself does not confer any substantive right to relief. The Government concludes that the Court of Federal Claims can only entertain claims that independently arise from a money-mandating statute.

Mr. Filipczyk responds that the Court of Federal Claims has jurisdiction under the money-mandating Travel Expense Act, and thus has jurisdiction over the entire cause, including related claims under laws that are not themselves money-mandating. The Court of Federal Claims rejected Mr. Filipczyk's argument, holding that all claims brought before the Court of Federal Claims must independently relate back to a money-mandating statute. *See Synernet Corp. v. United States*, 41 Fed. Cl. 375, 382 (Ct. Cl. 1998).

It appears to us from the record in this case that the Court of Federal Claims erred in finding that it had no jurisdiction to entertain arguments that were not directly based on a money-mandating statute. Claimants in the Court of Federal Claims may argue issues based on violations of the Constitution or of a statute or regulation to support their claims for monetary relief under money-mandating statutes. *Holley*, 124 F.3d at 1467 (holding that the Court of Federal Claims had jurisdiction to decide an alleged due process violation related to his claim for damages under a money-mandating statute); *see also Trek Leasing, Inc. v. United States*, 62 Fed. Cl. 673, 677-78 (2004) (holding that the Court of Federal Claims had pendant jurisdiction over a state law contract claim that was part of the same case as a claim over which the

Court of Federal Claims had jurisdiction pursuant to 28 U.S.C. § 1498(b)).

The Court of Federal Claims has jurisdiction to consider all of Mr. Filipczyk's arguments directly related to the alleged violation of the Travel Expense Act. This includes jurisdiction over prerequisite questions as to whether the CBA is lawfully enforceable against Mr. Filipczyk for purposes of denying him expenses to which he would otherwise be entitled under the Travel Expense Act. Accordingly, the Court of Federal Claims has jurisdiction to determine whether the CBA violates the Defense Housing Manual, § 5911(e), or the FSLMRA, to the limited extent that such a determination will resolve whether the CBA is a lawful reason to deny Mr. Filipczyk the reimbursement to which he claims to be entitled under the Travel Expense Act.

## FSLMRA

Under 5 U.S.C. §§ 7101-35, commonly known as the FSLMRA, unions and federal agencies must negotiate in good faith over terms and conditions of employment, and those negotiated terms are binding unless a bargaining proposal is inconsistent with existing federal law, rule, or regulation. *See* 5 U.S.C. § 7117(a)(1). Mr. Filipczyk argues that the negotiated rule against reimbursing lodging expenses incurred within the first forty-eight hours in port is in violation of 5 U.S.C. § 5911(e), the Defense Housing Manual, and the Travel Expense Act, and is thus invalid. If Mr. Filipczyk is correct that the travel provision of the CBA is contrary to one of these laws, then the Court of Federal Claims is authorized to award him damages pursuant to a money mandating statute, in the amount of the travel reimbursement to which he would be entitled but for the invalid CBA.

The FSLMRA does not, however, confer on the Court of Federal Claims the authority to enjoin the enforcement of the CBA or award Mr. Filipczyk any other declaratory relief. Such relief must first be sought at the FLRA, and then a proper appellate court. 5 U.S.C. § 7123(b). We thus turn to the contrary provisions of law that Mr. Filipczyk contends invalidate the CBA.

## 5 U.S.C. § 5911(e)

Since we determine that the Court of Federal Claims had jurisdiction to decide the issue presented by Mr. Filipczyk regarding the CBA's alleged violation of 5 U.S.C. § 5911(e), we now turn to the Court of Federal Claims' alternative disposition of that issue on the merits.

Section 5911(e) prohibits the Government from requiring employees to occupy quarters on a "rental basis." The Court of Federal Claims found that the CBA provision prohibiting reimbursement of lodging expenses incurred during the first forty-eight hours in port did not violate § 5911(e). The Court of Federal Claims' conclusion relied on its decision in *Boege v. United States*, 206 Ct. Cl. 560, 566 n.4 (1975), which noted that § 5911(e) did not apply to shipboard quarters in a foreign port that are provided free of charge.

Mr. Filipczyk cited to the Court of Federal Claims and to this court several decisions by the Government Accountability Office holding under other circumstances that § 5911(e) applies to quarters furnished by the Government, regardless of whether they are provided for free or at cost. *See To the Sec'y of the Air Force*, B-15617, 44 Comp. Gen. 626, 630 (Apr. 15, 1965); *Matter of Fed. Aviation Admin.: Gov't Quarters*, B-195859, 1980 WL 16914, at *4 (Comp. Gen. Mar. 18, 1980). Mr. Filipczyk

argues that the Comptroller General's analysis in these opinions is more persuasive than that of the Court of Federal Claims, and asks this court to resolve the apparent conflict in law.

Mr. Filipczyk acknowledges, however, that the plain language of § 5911(e) specifying "rental basis" does not on its face include shipboard quarters provided free of charge. Mr. Filipczyk asks this court to take the extraordinary measure of intentionally looking past the plain language of the statute, and interpreting the language to better comport with what Mr. Filipczyk contends was the intent of Congress in passing the Act. He alleges that the Comptroller General did just this in the cited opinions, and that this court should follow his persuasive example.

We do not agree with Mr. Filipczyk that the clear intent of Congress was to include in the scope of § 5911(e) shipboard quarters provided free of charge in a foreign port, especially where employees have the option of staying elsewhere at their own expense. Moreover, we do not agree that interpreting the statute to deliberately reach beyond its plain language is appropriate under the facts of this case.

Defense Housing Manual

Section C5.1.3.1 of the Housing Manual for the Department of Defense provides that Defense personnel staying in transient quarters should have the same quality of furnishing as they would in a good-quality, mid-level hotel. Section C5.1.3.10 defines the services and supplies required to satisfy section C5.1.3.1. Mr. Filipczyk argues that the CBA is invalid because it effectively requires personnel to occupy shipboard quarters that are inferior to a good-quality, mid-level hotel.

The Court of Federal Claims dismissed this claim for lack of subject matter jurisdiction under the same rationale as Mr. Filipczyk's § 5911(e) claim, but did not go on to dispose of Mr. Filipczyk's Housing Manual claim on the merits in the alternative. Although we determine that the Court of Federal Claims has jurisdiction to consider this claim for the reasons discussed above, we hold that the Government would be entitled to summary judgment that the CBA does not violate the Defense Housing Manual.

There is no indication in the record that the CBA is invalid for conflicting with the Defense Housing Manual. Mr. Filipczyk has not alleged sufficient facts that the shipboard quarters provided free of charge and occupied while the ship is in the open waters and during the first forty-eight hours in port constitute transient quarters within the meaning of the Housing Manual, or that they violate the guidelines of the Housing Manual. Nor has he indicated that the guidelines in the Housing Manual are judicially enforceable. There is no indication in the record that even if the CBA deviated from the transient quarters guidelines or any other guidelines in the Housing Manual, it would constitute a violation of a "[f]ederal law or any Government-wide rule or regulation" such that it would invalidate the CBA under the FSLMRA. Accordingly, we conclude that Mr. Filipczyk has not alleged facts sufficient to prove that the CBA is invalid for conflicting with sections C5.1.3.1-10 of the Defense Housing Manual. 5 U.S.C. § 7117(a)(1).

### Travel Expense Act

The Travel Expense Act and its accompanying regulation provide that a federal employee traveling on official business away from his designated post of duty shall be

entitled to (a) a per diem allowance (b) reimbursement for actual and necessary expenses or (c) some combination of (a) and (b). 5 U.S.C. § 5702(a)(1); 41 C.F.R. § 301-11.3. The amount of the per diem and the maximum amount of reimbursement are set by other sources of authority. 5 U.S.C. § 5702(a)(2).

The Court of Federal Claims found that the denial of Mr. Filipczyk's travel expenses pursuant to the CBA does not violate the Travel Expense Act, because agencies have wide discretion in authorizing travel allowances that they determine to be in the best interest of promoting United States official business. We agree with the Court of Federal Claims that the CBA does not violate the Travel Expense Act. The bargained-for reimbursement provision of the CBA is within the wide discretion granted to agencies under the Travel Expense Act, and is not so unreasonable as to violate the letter or spirit of 5 U.S.C. § 5702(a). Since the CBA is not invalid under any of the other statutes that Mr. Filipzyk cites, it provides a lawful basis for denying Mr. Filipczyk's travel expense reimbursement request.

Accordingly, we affirm the Court of Federal Claims' judgment that the Government is entitled to summary judgment that NAVOCEANO's denial of Mr. Filipczyk's reimbursement request was not in violation of the Travel Expense Act.

**AFFIRMED**